NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ILKO ZILICK, PETITIONER, v. AMERICAN SMELTING AND REFINING COMPANY, A CORPORATION, RESPONDENT.

For the petitioner, *David T. Wilentz,* through *James F. Patten.*

For the respondent, *John E. Toolan.*

\*     \*     \*     \*     \*     \*     \*

*First.* That John Zilick, now deceased, was on May 20th, 1926, in the employ of the respondent, the American Smelting and Refining Company, engaged in painting or stenciling distinguishing letters and marks on lead bars, which said em-

ployment was subject to section 2, chapter 95, laws of 1911, commonly known as the Workmen's Compensation act, and the supplements and amendments thereto.

*Second.* That on quitting work on said date and returning home said John Zilick became sick with an inflamed or irritated throat diagnosed at the time by the attending physician for the respondent company as tonsilitis. Claim was made by petitioner at the hearing and testimony was offered by doctors who examined deceased between the 1st and 15th of September, 1926, that deceased was suffering from a stricture of the esophagus caused or induced by a caustic soda burn or by some other substance having properties similar to caustic soda. The said John Zilick died on December 8th, 1926. No direct testimony was offered by petitioner as to the exact cause of death except that Dr. Frank C. Henry, Jr., produced on behalf of the petitioner, testified that the stricture of the esophagus which he observed in September, 1926, would be a contributing cause of death providing no treatment was given to relieve the stricture. Dr. William E. Ramsay, on behalf of the respondent, testified that death was due to gangrene of the lung and that death could in nowise be attributed either directly or indirectly to a stricture of the esophagus, and that in fact no stricture of the esophagus existed.

*Third.* Petitioner utterly failed to prove that there was any accident arising out of or in the course of the employment of the said John Zilick within the contemplation or meaning of section 2, chapter 95, laws of 1911, and the various supplements and amendments thereto, known as the Workmen's Compensation act, or that respondent ever had any notice or knowledge of an accident to the said John Zilick while in their employ on May 20th, 1926, nor did petitioner prove that the death of the said John Zilick was caused or induced by any alleged accident at the plant while the said John Zilick was in the employ of the respondent company.

\*　　\*　　\*　　\*　　\*　　\*　　\*

HARRY J. GOAS,
*Deputy Commissioner.*